UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ITPE Pension Fund, Trustees of the ITPE Pension Fund, et al.<br><br>Plaintiffs,<br><br>v.<br><br>Stronghold Security, LLC<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Number 1:11-cv-940 (ABJ)(AK)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

Pending before the Court is a Motion for Default Judgment [8] by Plaintiffs, ITPE Pension Fund and the Trustees of the ITPE Pension Fund (collectively, "ITPE Pension Fund"). Plaintiffs seek delinquent contributions from Defendant Stronghold Security, LLC ("Stronghold") under the Employee Retirement Investment Securities Act ("ERISA"). On August 23, 2011, the Clerk of Court made an Entry of Default as to Stronghold [7]. Plaintiffs filed a Motion for Default Judgment on September 29, 2011. The Motion was referred to a United States Magistrate Judge for determination pursuant to LCvR 72.2(a) [10]. An evidentiary hearing was held on February 21, 2011, at which Defendant was not represented by counsel.[1]

---

[1] Randy Williams, the Director of Operations at Stronghold, did appear at the hearing but did not bring an attorney to represent the corporation.

## I.  BACKGROUND

Stronghold took over a contract to provide security services at the U.S. Corps of Engineers, Washington Aqueduct in Washington, D.C., effective October 1, 2008.  As part of that contract, it became subject to the Collective Bargaining Agreement ("CBA") negotiated by the Industrial Technical Professional Employees Union ("ITPE Union") and the previous contractor.  According to the CBA, Stronghold was required to contribute to the ITPE Pension Fund based on the number of hours worked by ITPE Union members.  The negotiated rate under the existing contract was $0.80 per hour from October 1, 2008 through October 1, 2009 and was re-negotiated to $0.70 per hour from October 1, 2009 through October 1, 2011.  (Pls.' Ex. 1 at 1; Pls.' Ex. 3 at 2.)  Stronghold and the ITPE Union entered into a new CBA, effective August 1, 2011, that increases the rate back to $0.80. (Pls.' Ex. 4 at 23.)

Both the 2008 and 2011 Collective Bargaining Agreements provide that Stronghold is bound by the terms and conditions of the Agreement and Declaration of Trust that establishes the ITPE Pension Fund.  (Pls.' Ex. 1 at 1; Pls.' Ex. 4 at 23.)  The Agreement and Declaration of Trust, Section 7.01, states that the employer owes contributions to the ITPE Pension Fund by the 15th of each month.  (Pls.' Ex. 5 at 23.)  Section 7.02(c) states that if a payment is more than ten days late, the employer is responsible for interest at a rate of 1.5 percent per month and liquidated damages of 20 percent of the delinquent amount.  (*Id.* at 24.)  In the event of a judicial proceeding, Section 7.02(d) provides that a court can order the employer to pay for an audit of the employer's books and for ITPE Pension Fund's reasonable attorneys fees and costs.  (*Id.*)

## II.  DISCUSSION

**A.  Standard for Default Judgment**

The clerk of court must enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  Where the plaintiff's claim is not for a sum certain, the party must apply to the court for a default judgment.  Fed. R. Civ. P. 55(b).  "The determination of whether default judgment is appropriate is committed to the discretion of the trial court."  *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).  The standard for default judgment is satisfied where the defendant makes no request to set aside the default and no suggestion that it has a meritorious defense.  *J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011).

Upon entry of default by the clerk of the court, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint."  *U.S. v. Bentley*, 756 F. Supp. 2d 1, 3 (D.D.C. 2010).  The court must then make a determination of the sum to be awarded.  *Id.*  "The court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment."  *Id.*

Under ERISA, a pension fund which has obtained liability against a delinquent employer may seek damages of (1) the unpaid contributions, (2) interest on the unpaid contributions; (3) liquidated damages as provided in the pension plan but not exceeding 20 percent of the unpaid contributions; (4) reasonable attorneys fees and costs; and (5) other legal or equitable relief that the court finds appropriate.  29 U.S.C. § 1132(g)(2).

At the hearing, Plaintiff presented three witnesses: (1) Sandra King, the Union Representative for the ITPE Union; (2) Avery Lewis ("Lewis"), a Special Police Officer for Stronghold who is employed at the Washington Aqueduct and is the ITPE Union Shop Steward at the Aqueduct; and (3) Enzo LaVecchia, the Vice-President of ERISA Systems, Inc. and the Contract Administrator of the ITPE Pension Fund.  Plaintiffs also offered exhibits at the hearing. Defendant offered no evidence prior to or at the evidentiary hearing disputing the requested sum.

### B. Delinquent Contributions

Stronghold first became delinquent in its payments to ITPE Pension Fund in January 2009, when it paid $96.00 less than was due. (Pls.' Mot. for Default Judgment at 6.) Stronghold has continued to make intermittent payments to ITPE Pension Fund, with the most recent payment submitted on January 6, 2012. (Pls.' Ex. 15.) Stronghold has made payments sufficient to cover its required contributions through April 15, 2011. Plaintiffs seek payment for delinquent contributions from April 16, 2011 through January 30, 2012. (Pls.' Ex. 14 at 10.)

To calculate the exact amount of delinquent contributions, Plaintiffs must determine the number of hours worked during that period by union employees. Defendant has failed to submit updated contribution reports to Plaintiffs. (Pls.' Mot.for Default Judgment at 7.) Therefore, Plaintiffs estimate the number of hours worked based on the average number of hours worked per month over the last three months that Defendant paid its contributions. (*See* Pls.' Ex. 16.) Plaintiffs seek an increase in the number of hours based on communications with Lewis. Lewis testified at the hearing that beginning on July 27, 2011, three additional union employees began

working at the Aqueduct, bringing the total number of union employees from 12 to 15 and adding 16 hours worked per day. (Pl.'s Ex. 14 at 11.)[2]

Accounting for the increased number of hours beginning July 27, 2011, Plaintiffs request $14,258.00 in delinquent contributions. Further, Plaintiffs request $1,776.59 in interest and $6,477.84 in liquidated damages. The Court will grant Plaintiffs' requests.

### C. Attorneys Fees and Costs

29 U.S.C. § 1132(g)(2)(D) allows a fund bringing a default judgment claim against an employer to receive attorneys fees and costs. David Kelly ("Kelly"), the attorney for Plaintiffs, filed a declaration to the Court that includes a detailed log of his time spent on the case and documents an hourly rate of $280. (Declaration of H. David Kelly, Jr. [8-2].) The Court finds Kelly's number of hours, his rate and his costs reasonable, and approves the total amount sought for attorneys fees and costs of $12,264.00.

### D. Audit

Plaintiffs seek an audit of Defendant's books and records at Defendant's expense. (Pls.' Mot. for Default Judgment at 5.) The Trust Agreement allows for an audit of the employer's books and records in the event of a judicial proceeding. (Pls.' Ex. 5 at 24.) Plaintiffs need to obtain certainty regarding the number of hours worked by ITPE Union employees. Accordingly, the Court will grant an audit of Defendant's books and records at Defendant's expense.

---

[2] Lewis indicated a fourth additional employee may now be employed at the Aqueduct but Plaintiffs' calculations of delinquent contributions only reflects three additional employees beginning on July 27, 2011.

### III.  CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' Motion for Default Judgment [8], awards damages totaling $34,776.43, and grants leave for an audit of Defendant's books and records at Defendant's expense.

A separate Order of judgment will accompany this Opinion.

Date:   February 23, 2012                             /s/
                                           ALAN KAY
                                           UNITED STATES MAGISTRATE JUDGE